Moving on to the next matter on today's argument calendar, Gordon B. Gases, 21-810. Mr. Chapman. May it please the court and good morning, your honors. This case is about an appeal of an order which held that Nicholas Gordon on an individual basis violated the automatic stay post confirmation when in fact the automatic stay did not could not apply and did not apply for two specific reasons. Reason number one is that under the plain terms of section 7.6 of the bankruptcy plan of Fiske Place, LLC, all the automatic stay would terminate upon all distributions being made, which were made in fact in August of 2016. The second reason why the automatic stay would not apply would be that in the matter at hand, the trustee acting as a plaintiff, not as a claimant, went in on their own four and a half years after confirmation of bankruptcy plan and acting as a plaintiff sought to vacate and ultimately was able to vacate. May I ask you a question? Yes, your honor. Just a broad question that you can feel free to ignore. But what ultimately do you want? What are you looking for? We are looking for the ability to restore the default judgment that was vacated by Judge Silber in state court is ultimately what we're looking to. We believe that there are assets that... Tell me how you get there. We get there under CPLR section 5015A5, Nicholas Gordon. If this court were to rule in our favor and reverse the decision of the Honorable Judge Chapman at the bankruptcy court level... You get there by a series of appeals under this CPLR section, 55, whatever. 5015A. Okay. And the appeal is to another court. Just take me through this so that I understand what the steps are. Is it to Judge Silber directly? Yes, your honor. It's a pretty straightforward. If we were to be successful here, essentially then my client would have been found not to have been operating in opposition or in violation of the automatic stay. And that would give him the same right that the trustee had, which would be to vacate the order that ultimately vacated the default judgment. So there really aren't a number of steps. It would be one straight shot. Is there still a holdover action? There is still a pen. There is still a sum of money sitting at the clerk's office in Kings County, New York. That's the money that... Sorry. I was going to say, didn't the state court say that even if you hadn't withdrawn your motion because of the requirements of the state, you'd still... They wouldn't have said found you to have standing under state law? Your honor, that's an excellent question. Thank you. And there are a number of different levels of standing, your honor. I mean, there's standing as a interest holder. Nicholas Gordon is named in the bankruptcy plan in Section 7.9 of the plan as an interested person. He has standing under Section 1109B. And he has appellant standing here before you because he's an aggrieved party. The question of standing, mootness, and in fact, waiver, all relate back to the fact that my client possesses a viable right to go back to the state court. The state court said that your client did not have standing and would not have found standing. So tell me how we have a redressable injury ahead of us. Your honor, having been there that day, the judge that day very specifically said that she was relying upon the instructions of Judge Chapman that we were not able to... We were enjoined, in fact, from intervening in that action. But she said that even if you had not withdrawn in the face of the bankruptcy court, she would have still found you not to have standing. Isn't that correct? Well, that is, in fact... Just give me one second. I think that that's right. So assume that that's right. At the end of that colloquy, that's the statement. So assume that that's right, then how is this redressable? What can we do for you? Well, your honor, we strongly believe that my client did, in fact, have standing. Well, I know you do. The question is that there is an action, a state action, and you just you started out by answering my question, which is you want relief from that decision. But really, that decision is twofold. And the second decision is a second part of the decision is you have no standing. So there is no way you can prevail because there is a trustee in place. Your honor. Well, what about what about what about your client's opportunity that would exist were it not for the order to ask the state court to change its position to go back to the state court and say and say we want you to change that position. Thank you, your honor. That's precisely what we would be seeking to do if we were able to have the opportunity to appear again before Judge Silber in King's County Supreme Court. It is our position that our client did in fact have legal standing. In fact, the argument that you raise, your honor, is a question is not our position. The question is whether you would have whether there would be some opportunity open to you in spite of, as Judge Perez was saying, in spite of the finding that you have no standing. And the only the only opportunity that I can see is the opportunity to go back to the state court and say and ask for reconsideration of the ruling. Your honor, I, again, it is our position that we have standing on a number of different levels to appear before Judge Silber and be heard in that matter. Would you just answer, would you answer just Laval's question, which is I think a helpful question, which is, are you looking for an opportunity to argue or are you looking for a specific result? What are you looking for first? Well, one is we're looking, obviously, for relief from the, you know, that the that we did not act in violation of state, putting that aside for a second. Then we believe that we would then have the ability to go back for Judge Silber and argue that her decision was wrong because we do, in fact, have standing to be before her. You're saying it's you're saying, if I understand correctly, is it's not moot because notwithstanding the ruling that you as an alternative basis that you lack standing. The opportunity exists to go back to the court and say, say we move for reconsideration of the ruling that that I lack standing. That's exactly correct. Your honor, we this matter is not for the very reason that under CPR section 5015 a five actually any part of the tangential interest in the matter has the right to be heard. And in fact, section, if you just, I'm almost I am at a time. So the book ahead. No, no, what I was going to say, and I appreciate your patience with me, but section a five of the CPR 5015 specifically says that if a court and being this court upon reversal, that we are then free to bring that specific action so since my client still retains a right based upon how you will we would then have the ability to the case would not be moved for that matter. I'm sorry, man. Go ahead. No, no, you go ahead. My understanding is that you are hoping to find from us that there was not a violation of the automatic state but the district court didn't reach that right because you didn't present it to them. I think what you're saying your honor is that we may have way, I believe you're getting to the waiver issue that was raised that we may have waived that opinion, or that option or that right. And I think that if that's where your honor is going. We did not waive it because it is a. And actually it's on where in your brief to the district court is this, that might be helpful. Well in my it's actually in page at the very end of my brief and page 25 to 26, where it says the question of whether the automatic state was violated respectfully present an issue of law, subject to the Nova review the two issues here are the caption the state litigation one that the debtor was the, the moving party, and not entitled to relief from the automatic stay and part two is the plan of reorganization which points to on my Okay. Um, let's hear from your adversary Mr Dino so, and then we'll hear from you on rebuttal. Thank you. You're on mute. Good morning, your honors, David to know so I represent he and Jay gazes. He's the appellee and he's also the chapter 11 trustee in the bankruptcy case of 22 fist place. Can you explain, I'm sorry. Just to explain to me why, why this is moot, if somewhat contrary to what Mr Chapman said, sounds like now. He's acknowledged that he just wants his clients have an opportunity to argue in any state proceeding in connection with this corpus, and the automatic state decision of the bankruptcy court prevents him from from doing that and all he wants is that us to lift that initial gate to allow him to pursue whatever he needs to pursue in state court, why, why isn't that relief, a live issue, or the possibility So the bankruptcy court order resolved a very very narrow question which was whether Mr Gordon's motion to intervene in the state court at litigation, pursuant to CPL are 1012 and 1013 violated the automatic stay under section 362 a. Mr Gordon withdrew that motion. Leaving aside whether he, the state court aired and saying that he didn't stand have standing, he withdrew that motion that controversy. At that point, with respect to the automatic state disappeared. Whether he has putative rights now through the motion in front of the, in front of the state court. That's correct. He withdrew because he was in violation he had already been found in violation of the automatic. So let's, let's say, let me just play this out. So bear with me a little slow down again. Just, let's say that we determined that the district court got a long at least with respect to this. Right. And he gets another day in front of the bankruptcy court to argue that the automatic stay Or extending the automatic stay to prevent him from appearing even in the older action was incorrect as a matter of law. Then, he, if he prevails. He may, I don't know enough about what the current status of the state proceedings might be but he may be able to go back to the state court and say you know I withdrew it because I was compelled to. But now I renew my motion. That's not the argument that Mr Gordon's making Mr Gordon's making the argument now, and it's not clear to me that there is really anything to intervene you don't have an active, you don't have an active case. What he's saying is he wants to go back and pursuant to CPL are 1515 a to reverse essentially the state court. There's nothing in his brief. And I'm not conceding it but I don't I don't believe there's a nexus between the bankruptcy courts narrow holding and his ability to do that now. Essentially what he's asking at this point is for an advisory opinion, you know, I can go ahead and file my 5015 a motion in the state court. He could seek, he could seek a comfort order from the bankruptcy court if that's what he wants to do, or a determination that you know that the automatic state doesn't apply, or that there's a basis to lift this day for the specific of 1550 a, which is what he says he's trying to get to. And again, there simply isn't. There may be a legal legal arguments that are common as to why he should and shouldn't do that between his initial motion to intervene, and this contemplated motion to vacate set aside the waiver issue, or is there a live issue with respect to the extension of the automatic stay. No. And why do you say that. I'm sorry, Your Honor, could you. Why do you say no. There's not a live issue because with respect to his initial request for so reverse engineering it if he were to get a favorable order. And first of all, the order of the bankruptcy court was not affirmed by the district court just to reiterate but leaving that aside and where we are procedurally. If the bankruptcy court order goes away. There's nothing. Whether he has 1550 a rights that's fine. It simply isn't relevant to what he says is the live issue with respect to the holdover action in state court. When you say there's nothing. Why, why isn't another way to view this is that it lifts a barrier, and he's then allowed to proceed in any state court proceeding, either under 1515 or whatever to undo to get back this this corpus. I don't know if you can draw the conclusion based on what's in the record, certainly. It's hard without an active motion but I don't think you can necessarily conclude that if the bankruptcy court order were reversed, that it would absolutely and necessarily follow that he was free to go to the automatic go to the state court and file any motion that I might have we required certainty in connection with our assessment of whether the case is moot or not. I don't believe it's a matter of requiring certainty it's recognizing that the controversy that gave rise to all of us to the order in the first place has disappeared. Whether there's new controversies that might be affected about how the various courts rule about things on appeal, maybe but that's really hypothetical at this point, if the controversy has disappeared because one party is is muzzled by a court order, and it wouldn't have disappeared. If the party were enabled to to pursue it, then, then the lifting of the muscle would would resuscitate the, the otherwise dead issue, but that that that's, that's a counter argument that's not raised by the appellant he specifically acknowledging and you'll note in his brief that he repeatedly sought to stay implementation of the bankruptcy court order first in the bankruptcy court and subsequently in the in the district court is required under the bankruptcy rules. He knew that time was of the essence. He, nonetheless, even though he withdrew the motion. He filed a notice of appeal in the second department, which he was then forced to withdraw so and his available relief. Is disappearing and changing. As he gets further and further away from this controversy. So there may be the fact that there may be additional controversies the fact that reversal of this order may impact how the bankruptcy court would view his attempt to vacate the default judgment, whether it would view that as a violation of the automatic stay. Maybe related to what's going on here, but ultimately is a separate case and controversy, a separate legal discussion, which you just briefly address the waiver issue. Yes, yes, Your Honor. Now I think it's fairly clear that the, his opposition to the trustees to motion to enjoy in the bankruptcy court the first pleading that gave rise to this, this, this current matter is entirely devoid of any discussion whatsoever. Of the automatic stay. It doesn't discuss the plan provisions, it doesn't cite to the text of 362. As I note in my brief, the trustee made two distinct arguments, one that Mr Gordon was violating the discharge injunction under the plan, and separately that he was violating the automatic stay. For whatever reason, Mr Gordon chose not to address that second issue, and that was the only issue that was decided by the bankruptcy board, nor does he offer any reason why he did that and this court has held. Previously, certainly in in rain or tell networks Corporation security litigation 539 F third 129, and I quote the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal, where those arguments were available to the parties below, and they proffer, no reason for their failure to raise the argument. You have an argument I'm not suggesting made this argument but that the discharge injunction, and the automatic stay issues are so closely interrelated. No. What's the analytically, what's the separate sections of the, of the, of the confirmed chapter 11 plan I know so I know the automatic stays and 7.6 I don't recall off the top of my head but in any event they're in separate sections, and they afford different types of project protections. One, the discharge injunction prevents the filing of making claims that were discharged. So, when the debtor paid back, it's, it's mortgage debt through the plan. They can't come back and say you still owe money, the bank separately, under the automatic stay, that would likewise protect the bank from attempting to exercise control over the debtors property. So, one, one, one is really a claim, a claim against money and a claim against property oftentimes they're related but they're distinct that's why you have your view is he put all of his eggs in the discharge injunction basket. I think I think that's fairly clear on the face of his opposition in the bankruptcy court. Um, can we just, can you assume for a minute that we find that a favorable decision for Gordon could impact his motion to vacate. Is there another grounds for not for finding that he doesn't have standing. I mean, I think that there's a standing issue that wasn't percent general standing issue that wasn't explicitly raised in a Pelley's brief but it's intrinsically related to, to the mootness it would just be. I don't think that I think that the, there's a jurisdictional issue there may be a way to parse it out differently but I don't think that there's a meaningful. There's nothing more meaningful than the mootness issue. Wonderful. Okay. Thank you very much. Thank you. We'll hear from Mr Chapman, who has three minutes. Thank you again, your honors, to one point raised by council, just previously before in the narrow issue of our motion to seeking to intervene in the, the state court action. We were left with no discretion, other than to withdraw that motion, due to the fact that we would have been sanctioned would have been deemed sanctionable behavior on my part as the attorney and by Mr Gordon as my client. So, we really had no choice what we tried to do and sought to do in the period between the day that the order was granted by judge Chapman was we saw it stay, and that she did not rule on that. So, on the morning that I went into state court I was all but obviously obligated to comply with a with a federal court order. And the only other point, your honors that I wanted to raise unless you have other questions would be with regard to the, the closely relatedness of the discharge injunction and the, the position on the automatic stay and again it is our position. And interestingly, and it would go to the, the actual fact pattern in the cases that counsel Mr to know, so had filed an order. We filed a counter order and then what ended up coming as judge Chapman's order was somewhat different and relied heavily heavily on the, on the automatic stay and not so much on the, the discharge injunction. So I will leave it with that other than the fact that we do believe that we have the right. Should you want our favorite to go back before judge sober and seek to vacate the order that ultimately vacated the default judgment. Thank you. Thank you very much. The matter submitted will reserve decision.